■ ELZEE CONSTRUCTION, INC., Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent. [709 NYS2d 815] —Order, Supreme Court, New York County (Herman Cahn, J.), entered February 25, 1999, which, to the extent appealed and cross-appealed from as limited by the briefs, denied those branches of plaintiff's cross motion seeking summary judgment upon its first and sixth causes of action, denied those branches of defendant's motion seeking summary judgment dismissing the second and seventh causes of action, and granted defendant's motion for summary judgment to the extent of dismissing the third and eighth causes of action, unanimously modified, on the law, to grant defendant's motion for summary judgment to the further extent of dismissing plaintiff's second and seventh causes of action, and otherwise affirmed, without costs.

Contrary to plaintiff's contention, the record is insufficient to raise a triable issue of fact as to whether defendant agency was responsible for compensable delays not initially contemplated (*cf., Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297). The motion court erred, however, in finding a triable issue of fact as to the two causes of action for extra work. Such claims are barred by the parties' agreements, which provide that the contractor is responsible for completing

contract work, and that no changes in contract work may affect the purchase price unless those changes are covered in a written agreement between the parties, approved by the Federal Department of Housing and Urban Development, none of which is indicated in the record. The two causes of action for retained contract amounts, on the other hand, cannot be resolved summarily on this record. We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Wallach, J. P., Lerner, Rubin and Buckley, JJ.